## ATLANTIC MEAT CO., Inc., v. PORTER, Price Adm'r.

### No. 219.

United States Emergency Court of Appeals.

Heard at Boston Oct. 10, 1945.
Decided May 8, 1946.

Lawrence Black, of Boston, Mass. (John A. Lyons, of Boston, Mass., on the brief), for complainant.

Carl H. Fulda, of Washington, D. C. (Richard H. Field, Gen. Counsel, and Jacob D. Hyman, Associate Gen. Counsel, both

of Washington, D. C., on the brief), all of the OPA, for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

MAGRUDER, Judge.

This case was argued on October 10, 1945, but upon oral motion of complainant decision has been withheld by us pending argument and decision in the related case of Atlantic Meat Co., Inc. v. Reconstruction Finance Corp., Em.App., 1946, 155 F. 2d 533.

Complainant, a non-processing slaughterer of cattle, on January 29, 1945, filed its protest against Revised Maximum Price Regulation No. 169 (7 F.R. 10381). The protest was based upon the asserted inability of non-processing slaughterers to operate profitably under the established maximum prices for beef carcasses and wholesale cuts without the special differential subsidy of 80 cents per cwt. provided by Defense Supplies Corporation pursuant to the Directive of the Economic Stabilization Director issued October 25, 1943 (8 F. R. 14641), and upon the further fact that Defense Supplies Corporation had ruled that complainant was ineligible to receive such special subsidy because of its affiliation with "a processor or purveyor of meat". The prayer for relief in the protest was in prospective terms: "That Revised Maximum Price Regulation No. 169 and amendments thereto be further amended so as to provide Protestant and those similarly situated with a generally fair and equitable margin of profit on the slaughtering and sale of choice and good beef or in lieu thereof that said Revised Maximum Price Regulation No. 169 be declared null and void."

In Atlantic Meat Co., Inc. v. Reconstruction Finance Corp., supra, we have this day upheld the provisions of the subsidy regulation of Defense Supplies Corporation under which complainant was excluded from participation in the special subsidy.

The protest against RMPR 169 was denied by the Price Administrator on March 26, 1945, whereupon Atlantic Meat Co., Inc., filed the present complaint in this court. In the complaint, we are asked to "enjoin or set aside Revised Maximum Price Regulation No. 169, as amended, in so far as said regulation provides maximum prices for beef carcasses and wholesale cuts unless the Price Administrator procures the adoption of an alternative program providing for the payment of an adequate subsidy to non-integrated slaughterers although they may be affiliated with a hotel supply house which fabricates a permissible portion of the beef so slaughtered and that such other and further order or orders be made as this Honorable Court may consider appropriate in the premises."

Since the filing of the complaint, the physical assets, good will and business of complainant, and of Batchelder & Snyder Co., Inc., its parent corporation, have been sold to Hygrade Food Products Corporation. Though complainant's corporate entity has been preserved, it is no longer in the business of slaughtering cattle and has no present interest in a prospective setting aside of RMPR 169. Under certain circumstances, in complaints under § 204 (a) of the Act, 50 U.S.C.A. Appendix § 924 (a), a retroactive declaration by this court that a price regulation was invalid as of some date in the past may be appropriate for use by complainant as a defense in pending enforcement proceedings. See § 204 (e) of the Act. But no such situation is presented here. Complainant's case has therefore become moot.

A judgment will be entered dismissing the complaint.